SMITH RISLEY, Respondent, *v.* ANDREW COUNTY, Appellant.

1. *Revenue, county — Contract — Interest.* — A contractor with a county for the building of a bridge would be entitled to interest on payments deferred after his fulfillment of his contract.

*Appeal from Fifth District Court.*

This was originally an application made in May, 1869, by respondent, to the County Court of Andrew county for payment of an amount alleged to be due him for building a certain bridge in said county. The County Court found there was then due respondent $2,150, and accordingly issued warrants for that sum. Respondent then filed an account giving the county credit for said warrants, and claiming interest on the amount of the warrants. The County Court rejected this claim for interest, and respondent appealed to the Circuit Court of Andrew county.

*Strong* and *Hedenburg*, for appellant.

I. Respondent accepted said warrants in settlement of the claim. This settlement estops respondent, and was a waiver of interest. (8 Mo. 41, 43 ; 1 Esp. 110 ; 3 Johns. 229 ; 13 Wend. 639 ; 2 N. H. 169 ; 15 Wend. 76 ; 11 Paige, 142 ; 3 Cow. 86 ; Chit. Cont. 642–3, note 1 ; Broom's Leg. Max. 373.)

II. The whole record shows that respondent's claim was on an account for work and. labor done, and not an instrument of writing. He must, therefore, to enable him to recover interest, show either a demand and refusal to pay or a liquidation of .his account, neither of which he has done. (Gen. Stat. 1865, ch. 89 ; 15 Johns. 409 ; 1 Am. Lead. Cas. 341 ; 3 Cow. 387 ; 5 Cow. 587 ; 2 Cush. 475.)

*Heeren & Rea*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

I think the judgment in this case is clearly for the right party. The county adopted the written contract entered into by Bonham, its road commissioner, and ought to be bound by it. By the terms of the contract Risley was to be paid as soon as he completed the bridge. The court paid him a part when he fulfilled his contract, and then nearly two years elapsed before he received any further compensation. At that time the court delivered him warrants for the principal remaining due, but refused his demand for interest.

In my opinion he was justly entitled to the interest he claimed, and the judgment will therefore be affirmed. The other judges concur.