E. C. YELLOWLY v THE COMMISSIONERS OF PITT COUNTY.

All bonds, bills, notes and bills of exchange, and liquidated and settled accounts bear interest from the time they become due, provided such liquidated and settled accounts are signed by the debtor unless it be especially expressed that interest is not to accrue until a time mentioned in the writings or securities. Therefore, where A brought an action upon an order upon a County Treasurer, signed by the chairman of the Board of County Commissioners: *Held*, that he was entitled to recover interest upon the amount of the order from the time of demand of payment.

CIVIL ACTION, tried before *Moore, J.*, at Spring Term, 1875, PITT Superior Court.

The plaintiff brought an action upon an order issued by the Board of Commissioners in 1870, in these words and figures to-wit:

No. 39.                    · "GREENVILLE, Oct, 27th, 1870.

Treasurer of Pitt county pay to E. C. Yellowley or order six hundred and thirty dollars and sixty-nine cents out of the taxes of 1870, when collected.

By order of the Board of County Commissioners.

                              W. G. LITTLE, *Chairman.*

W. A. CHERRY, *Clerk.*

The plaintiff demanded the payment of the order and interest thereupon. The defendant admitted that the amount of the order was due, but denied that the plaintiff was entitled to interest upon the amount.

It was in evidence that prior to the 13th of October, 1868, the plaintiff held several small claims against the county, contracted during the existence of the county court. On the 13th day of October, 1868, he presented these claims to the Board of Commissioners to be audited, and in auditing the same the Board of Commissioners added the interest on his claims and gave him an order for the amount of principal and interest, which order was for the same amount, and similar in form, to the one sued upon. On the 27th day of October, 1870, he surrendered that order and received from the Board of Commissioners the order upon which this action is brought, nothing being said about interest. The plaintiff demanded payment of the County Treasurer in the Fall of 1870.

It was also in evidence that prior to 1873, the County Treasurer paid interest on such county orders, whenever it was demanded, but generally no interest was demanded. Since the Fall of 1873, no interest has been paid to any one in consequence of an order of the Board of Commissioners. In a few instances the Board of Commissioners in issuing county orders have added interest to the date of issue, and in a few instances the orders were so written as to bear interest.

The answer of the defendant alleged that the defendant was not liable for interest unless it was expressed upon the face of the order, and that when it was intended for interest to be paid, it was so expressed.

The following issues were submitted to the jury :

1. Was there any express contract at the time of issuing the order sued upon, that interest was to be paid upon the said order ?

2. Was it the custom of the county to pay interest on county orders, at the time the contract sued upon was made, unless it was so expressed in the face of the order ?

3. When was demand made for payment of the order sued upon ?

The jury rendered a verdict in favor of the plaintiff, finding in response to the issues :

1. That there was no express contract at the time of issuing the order that interest was to be paid upon the same.

2. That at the time the contract sued on was made it was the custom of the county to pay interest on county orders if demanded, although it was not so expressed on the face of the order.

3. That demand was made for the payment of the order, in the Fall of 1870.

His Honor gave judgment for the principal and refused judgment for the interest on the order, and thereupon the plaintiff appealed.

*D. M. Carter, Mullen & Moore,* and *Gilliam & Pruden,* for appellant.

*Fowle, Batchelor* and *J. E. Moore,* contra.

READE, J. The statute provides that " all bonds, bills, notes, bills of exchange, liquidated and settled accounts, shall bear interest from the time they become due ; provided such liquidated and settled accounts be signed by the debtor, unless it be specially expressed that interest is not to accrue until a time mentioned in the said writings and securities." Bat. Rev., ch. 10, sec. 4.

The plaintiff's claim is evidently such a security ; it is not expressed in the writing that interest is *not* to be paid until a future time ; and therefore it bears interest from the time of *demand* upon the county treasurer, as we think it just to hold as against the *county ;* as the treasurer is not presumed to know of the claim until presented to him for payment, and as it was the duty of the plaintiff to present it, but interest from the *date* of the writing, if it were against an individual. It is insisted, however, that a *county* ought not to pay interest.

We see no reason for this. A county, like an individual, may enter into contracts and sue and be sued. And if there is any difference between an individual and a county, it would seem to be the greater obligation on a county to keep its faith. The reason most urged why this should not be, is the alleged fact, that persons dealing with the county do not expect prompt payment, and therefore they get a higher price, which stands in the place of interest; so that, in effect, they take interest in advance. If such is the fact, it is a strong reason why the county should change its custom; for there certainly are cases in which a county pays promptly; and if in every case interest is taken in advance by way of a higher price than in a case of prompt payment, the advanced price is a total loss to the county. Prompt payment or interest, as damages, is the just rule.

We have already said that, as against a county, interest would run from the date of the demand. The jury in this case do not find the precise date of the demand, but say that it was " in the *fall* of 1870." The order is dated 27th October, 1870. So the demand must have been about, and probably was, just the same date of the order. And we assume it to have been the same. The Clerk of the Court will calculate interest from the date of the order, and there will be judgment here for principal and interest.

The plaintiff is not entitled to back interest prior to the order. Admit that there was back interest which he might have claimed; still we think that it must be understood that the order embraced all that was due at its date.

There will be judgment here for the plaintiff for the principal sum of the order, with interest from its date, and for cost.

PER CURIAM.                    Judgment accordingly.