OLAF VIDER

*v.*

THE CITY OF CHICAGO.

*Filed at Springfield May 12, 1896—Rehearing denied January 14, 1897.*

1. INTEREST—*right of contractor for public improvement to—vexatious delay.* A contractor for a public improvement is not entitled to interest under the statute providing therefor in case of unreasonable and vexatious delay of payment, where such delay arises from the fact that the special assessments out of which payment is to be made are not collected as soon as they should be.

2. SAME—*not recoverable from municipal corporation except on express contract.* A municipal corporation is not liable to pay interest in the absence of an express agreement.

3. SAME—*effect of passage of resolution by city council staying collection.* A resolution by a city council staying collection of a special assessment is not such a wrongful act or tort as to render the city liable for interest to the contractor whose payment is thereby delayed, under the rule that where money has been wrongfully obtained and illegally withheld by a municipal corporation interest may be recovered in the way of damages.

*Vider* v. *City of Chicago*, 60 Ill. App. 595, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

HERVEY H. ANDERSON, for plaintiff in error:

A municipality becomes liable for interest in contracts under special assessment proceedings, as upon its single promise, when there is unreasonable and unnecessary delay in collecting the assessments. *Chicago* v. *People*, 48 Ill. 416.

In *County of Grundy* v. *Hughes*, 8 Ill. App. 42, the court reluctantly refused to allow interest, but said it has been allowed against a county, as in the nature of damages, when the plaintiff's money has been tortiously obtained and withheld. *LaSalle* v. *Simmons*, 5 Gilm. 520; *Bourland* v. *County of Peoria*, 16 Ill. 539.

When money has been wrongfully acquired or detained, interest is to be computed from the time of the wrongful acquisition or detention. Sedgwick on Damages, sec. 301.

In actions originating in torts, counties are liable for interest to the same extent as private persons. *County of Pike* v. *Hosford*, 11 Ill. 170.

A tort is an infringement, without lawful excuse, of a right vested in some determinate person, whereby damage is caused to such person, either intentionally or as a natural consequence. Addison on Torts, 1.

In condemnation proceedings interest on the judgment has been allowed against a municipality after it has taken possession of the property. *South Park Comrs.* v. *Dunlevy*, 91 Ill. 49; *Corwith* v. *Hyde Park*, 14 Ill. App. 635.

WILLIAM G. BEALE, Corporation Counsel, (GEORGE A. DUPUY and WILLIAM H. ARTHUR, Assistants,) for defendant in error:

The court below held the law of this case to be: First, that the city could not be liable for interest except upon express contract or after default; and second, that the city could not be in default until after demand made. In this holding the court is sustained by the settled authorities of this and other courts. *Pekin* v. *Reynolds*, 31 Ill. 529, and cases cited; *Chicago* v. *People*, 56 id. 327; *Mt. Morris* v. *Williams*, 38 Ill. App. 402; *South Park Comrs.* v. *Dunlevy*, 91 Ill. 49; *Chicago* v. *Allcock*, 36 id. 384; *Friend* v. *Pittsburgh*, 131 Pa. St. 305; *Gay* v. *Rooke*, 151 Mass. 115; *Hutchinson* v. *Insurance Co.* 153 id. 143; *Carr* v. *State*, 127 Ind. 204; *Donnelly* v. *Brooklyn*, 7 N. Y. Sup. 49; *Montana* v. *Commissioners*, 8 Mon. 396.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

The record contains an agreed statement of facts, upon which this action is predicated, from which it appears that in May, 1887, special assessment proceedings were

instituted in Cook county by the city to. pay for the improvement of a certain avenue. By the assessment roll it appeared that the benefits to private property by the improvement amounted to the sum of $23,948.86 and public benefits $10,793.26. In January, 1889, the roll was confirmed, and on November 7, 1889, certified to the city collector for collection. On the 26th of November plaintiff in error entered into a written contract with the city to do the work required by the ordinance for $16,855.41. The contract provided that the money should be paid out of the proceeds of the special assessment. The party of the first part (plaintiff) agreed thereby "to make no claim against said city in any event, except from the collections of the special assessment made or to be made for the said improvement, and to take all risk of the invalidity of any such special assessments, the said party of the second part (city of Chicago) not to be liable, in any event, by reason of the invalidity of special assessments, or any of them, or of the proceedings therein, or for failure to collect the same." It also appears from the agreed statement of facts that in April, 1890, the city council, by resolution, directed all proceedings for the collection of the assessment stayed, which was accordingly done by the city authorities, so that the assessment was not collected so as to be available for the payment of the plaintiff's claim, under the contract, for at least one year after it should have been collected, and the plaintiff was thereby deprived of the use of the amount so due him for one year from the time it should have been paid him, and his loss thereby was equal to six per cent of the sum so withheld. The plaintiff has been paid the contract price, but no interest or other compensation for the use of the money due him during the period he was so deprived thereof, or his consequent loss. On a trial of the cause in the circuit court, without a jury, judgment was rendered in favor of the defendant, which, on appeal, was affirmed in the Appellate Court.

It is first claimed, that as plaintiff in error was deprived of the use of the money due under his contract with the city for one year by the action of the city council of Chicago, he may recover the amount of his loss as interest, under that clause of the statute providing for interest where money is withheld by an unreasonable and vexatious delay of payment. In order to recover under this statute money must be withheld by an unreasonable and vexatious delay of payment after it becomes due. Here there was no agreement to pay interest. The money, under the contract, was payable out of the special assessments, and could not be due until collected by the tax collectors under the special assessment proceedings, and, as appears, as soon as collected the money was paid over. Under such circumstances we perceive no ground upon which it can be held that there was such an unreasonable and vexatious delay of payment as would authorize recovery for interest. The payment may have been delayed for the reason the special assessments were not collected as soon as they should have been, but that has no bearing on the question of plaintiff's right to recover interest under the statute.

But, aside from this position, a municipal corporation, under the uniform rulings of this court, is not liable to pay interest in the absence of an express agreement. (*City of Pekin* v. *Reynolds*, 31 Ill. 529; *City of Chicago* v. *People*, 56 id. 327.) In the latter case it is said (p. 334): "There is no express agreement on the part of appellant to pay interest. In such case, appellant, being a municipal corporation, is not liable to pay interest. (*City of Pekin* v. *Reynolds*, 31 Ill. 530.) The clause of the contract providing that the contractors should receive the damages which the city might collect of the property owners, to a certain extent, is not equivalent to an agreement to pay interest." The same doctrine has been declared in other States. *Friend* v. *Pittsburgh*, 131 Pa. St. 305; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.

But it is claimed in the argument, if plaintiff in error is precluded from recovering his loss as interest, the conduct of the city of Chicago was so far tortious as to render the city liable for all damages he sustained by being deprived of his money for one year. Where money has been wrongfully obtained and illegally withheld by a municipal corporation, the party entitled may recover the money, and interest in the way of damages. (*County of LaSalle* v. *Simmons*, 5 Gilm. 513.) So in *Bourland* v. *County of Peoria*, 16 Ill. 538, where the county sold certain lands to one person and received payment, but did not convey, and subsequently sold and conveyed the lands to another, the county was held liable to refund the money received, and interest as for a breach of trust. In *County of Pike* v. *Hosford*, 11 Ill. 170, the question arose whether the county was liable for interest on money due on a contract, and it was held that counties are not liable to pay interest on their contracts except in pursuance of an express agreement to do so. In the decision of the case the court referred to *Madison County* v. *Bartlett*, 1 Scam. 67, where the same rule was announced, and also referred to *LaSalle County* v. *Simmons, supra*, where the county was held liable for interest where it had obtained money without authority of law or color of right, and after distinguishing the two cases said (p. 176): "The conclusion to be drawn from these decisions is, that counties do not pay interest on their contracts except in pursuance of an express agreement to do so, but that in actions originating in torts they are liable to the same extent as private persons."

It was no doubt the duty of the city of Chicago, after entering into the contract with plaintiff in error, to proceed with reasonable diligence in the collection of the special assessments, from which he was to derive pay for the improvement he had agreed to construct for the city. But was the passage of a resolution by the city council directing all proceedings for the collection of the assess-

ment stayed, such a wrongful act or such an act of tort as to render the city liable for interest?   The passage of the resolution by the city was a clear violation of duty which the city owed to plaintiff in error, but the action was not fraudulent, nor did it render the city guilty of a tort.   The plaintiff in error did not lose the amount of money he was to receive under the contract, or any part of it, through the action of the city.   He was merely delayed, as shown by the stipulation, about one year in obtaining his money.   In *City of Chicago* v. *People*, 48 Ill. 416, where there was a failure to collect a portion of the assessment, causing a greater delay in payment of the contractor than in this case, it was held that the delay did not render the city liable to pay the deficiency, and a *mandamus* to compel the city to make payment was denied.   If there was no breach of duty in that case, upon what ground, it may be asked, can the city, in this case, be held guilty of a tort?

In *City of Chicago* v. *People*, 56 Ill. 327, where a proceeding by *mandamus* was instituted by a contractor to compel the city to pay a balance due on an assessment which it had failed to collect from property assessed, the court held the city personally liable to pay the contractor the deficiency which arose from the failure of the city to collect, but at the same time the court held that interest could not be collected from the city, and reversed the judgment solely on the ground that interest had been allowed in the Superior Court.   The principle which underlies the decision in that case applies here.   While we do not regard the city free from blame in the adoption of the resolution which delayed the collection of the assessment, at the same time its action did not amount to a tort, and it cannot be held liable for damages in the form of interest.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*