## Rock Island County v. Mercer County.

1. PAUPERS—*Policy of the State.*—It is the policy of this State to require near relatives of a pauper to support such pauper, and thereby relieve the public of that charge.

2. SAME—*County Authorities May Deliver a Pauper to Relatives in Another County.*—If a pauper being supported by the county of her settlement has a sister in another county able and willing to support such pauper, the authorities of the county of her settlement may deliver such pauper to such sister in such other county, under a promise by said sister to support such pauper.

3. SAME—*Where Such Pauper Afterward Becomes a Public Charge —Notice.*—In such case, if such a pauper is for a time supported by such sister, and afterward becomes a public charge, the county of the pauper's settlement is entitled to notice of that fact in order to render it liable.

4. INTEREST—*Liability of One County for Interest on Money Expended by Another in the Support of Paupers.*—The county of a pauper's settlement does not become liable to pay interest upon a claim by another county for support, merely because the authorities of the former removed the pauper into the latter county, if they delivered such pauper to a sister willing and able and who agreed to support such pauper, and if they notified the supervisor of the facts and agreed with him to remove the pauper if such pauper ever again became a public charge.

Assumpsit, for money expended, etc. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

SEARLE & MARSHALL, attorneys for appellant.

BROCK & SCOTT and WELD & OLMSTED, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Mercer County brought this suit against Rock Island County to recover for expense it incurred in the support of Mrs. Maria Helfrich (a pauper chargeable to Rock Island county) while living in Mercer county. At the trial plaintiff introduced proof tending to show that Mrs. Helfrich was a pauper and prior to June, 1894, she had been an inmate of the Rock Island County Infirmary for about four years; that in June, 1894, Dow, then steward of said infirmary, took Mrs. Helfrich to the home of her sister, Mrs. Green, at Viola, in Green township in Mercer county, and left her there; that Mrs. Green and her husband were unable to support Mrs. Helfrich, and in September, 1894, applied to the supervisor of Green township for aid; that said supervisor investigated the case, found aid necessary, directed the Greens to care for Mrs. Helfrich, and he would assist them; that on February 24, 1895, Dow took Mrs. Helfrich back to the Rock Island Infirmary; that Green put in a bill against Mercer county for the care of Mrs. Helfrich for twenty-two weeks at $5 per week, and that the board of supervisors allowed and paid it in the sum of $2.50 per week or $77, and in March sent a bill therefor to Rock Island county, which was disallowed by its board of supervisors; and that no notice was given by the authorities of Mercer county to the authorities of Rock Island county under section 16 of chapter 107 of the Revised Statutes, entitled "Paupers," unless said bill was such notice. The court refused defendant's offer to prove that in June, 1894, and from thence till after February 24, 1895, Mrs. Green was financially able to support Mrs. Helfrich; that Dow took Mrs. Helfrich to Mrs. Green in June, 1894, at the solicitation of Mrs. Green and under an arrangement with her that she would support Mrs. Helfrich without expense to Rock Island county, and, if she became unable to do so, would notify Dow, as such steward, of her inability, and Dow would then come and take Mrs. Helfrich back to the infirmary of Rock Island county; that shortly thereafter

and before the date when these charges paid by Mercer county begin, Dow notified the supervisor of Green township of this arrangement with Mrs. Green, and made a further arrangement with said supervisor that in case Mrs. Helfrich was liable to become a public charge on Mercer county, said supervisor should notify Dow, and Dow, as steward of the Rock Island County Infirmary, would come and get Mrs. Helfrich and relieve Mercer county of her support; that said supervisor never notified Dow or any other of the authorities of Rock Island county that Mrs. Helfrich had become or was liable to become a public charge on Mercer county or that Mercer county was supporting her, and that no notice was given Dow that Mercer county was supporting Mrs. Helfrich until February 24, 1895. At the close of the testimony, on motion of plaintiff, the court instructed the jury that all the evidence of the defendant was excluded, and to return a verdict for plaintiff for $77 with interest thereon at five per cent per annum from March 6, 1895, in all $99.13. Such verdict was returned, the court at the same time refusing to pass upon or consider instructions offered by defendant. After a motion for a new trial had been interposed and denied, judgment was entered on the verdict, and defendant appeals.

By this instruction the court practically ruled that the notice required by section 16 of chapter 107 of the Revised Statutes was unnecessary under the facts in this case, and that interest was recoverable against the county. That reasonable notice is necessary in order to hold the defendant municipality liable is settled by Town of Fox v. Town of Kendall, 97 Ill. 72, 79, and Town of Bristol v. Town of Fox, 159 Ill. 500. Plaintiff supports the action of the court below as to notice by the argument that Mrs. Helfrich was already a pauper in Rock Island county; that she was known to be such by Dow, the officer of the county, and he removed her to Mercer county; and that Rock Island county therefore had all the knowledge the statutory notice would have given it; and the statute was not intended to

require notice in such a case. The law is clear that counties and other municipalities are generally not liable to pay interest in the absence of a special agreement so to do. (County of Madison v. Bartlett, 1 Scam. 67; Vider v. City of Chicago, 164 Ill. 354.) Plaintiff supports the action of the court below in directing the allowance of interest by the allegation that Dow was guilty of a tort in taking this pauper into Mercer county under section 13 of chapter 107 of the Revised Statutes, which provides a penalty against any person who shall bring and leave any pauper in any county of this State, wherein such pauper is not lawfully settled, knowing him to be a pauper; and it therefore argues that the present demand of Mercer county is one originating in tort, and for which, therefore, interest may be allowed against a municipality. (County of LaSalle v. Simmons, 5 Gilm. 513; Vider v. City of Chicago, *supra*.) It therefore becomes material to ascertain whether the proof which defendant offered and the court rejected was competent, and would have tended to establish a defense against these positions.

It is the policy of this State, as evidenced by the opening sections of chapter 107 of the Revised Statutes, to require and compel the near relatives of a pauper, including sisters, to support such pauper, if they are able to do so, to the end that the public may be relieved from such expense. Defendant offered to prove that at the time this pauper was taken to her sister's and from thence till defendant brought her back to Rock Island county, her sister, Mrs. Green, was able to support her, and that it was at Mrs. Green's request, and under an agreement by Mrs. Green to support Mrs. Helfrich, that Rock Island county took Mrs. Helfrich to Mrs. Green. If this was true, then Dow, the county officer, was acting in harmony with the intention of the law; and clearly performing a proper service to Rock Island county and the public. If, as defendant proposed to prove, Dow made an arrangement with Mrs. Green that if she at any time felt unable to continue to support her sister, she would notify Dow

and he would then remove Mrs. Helfrich to Rock Island
county, and if he also notified the supervisor of the
township in which Mrs. Green lived of this arrangement
with Mrs. Green, and further made an arrangement with
such supervisor that if he found Mrs. Helfrich was lia-
ble to become a charge upon Mercer county, such super-
visor should notify Dow and he would at once remove her
from the county, then Dow took all reasonable precaution
to protect Mercer county. If these allegations had been
established no basis would have remained for the claim that
the removal of Mrs. Helfrich to Mercer county was in the
nature of a tort and justified the allowance of interest.
Plaintiff's proof showed Mrs. Green did support her sister at
her own expense from early in June till late in September,
and if at that time she was able to do so, as defendant sought
to prove, then Mrs. Helfrich was properly placed there to be
taken care of by relatives able to take care of her and bound
by law to do so.   She was not a charge on Mercer county
when taken there in June.   If she became a public charge
in the latter part of September following, then the county
of Rock Island was entitled to the notice of that fact which
section 16 requires.   If the facts were as defendant offered
to prove, then the fact that Rock Island county had placed
a former pauper in the family of a relative able, willing
and bound by law to care for her, did not charge Rock
Island county with notice that she would thereafter, or did
in September thereafter, become a public charge.   No
doubt, if the authorities of Mercer county did not know
where the settlement of this pauper was, they were entitled
to a reasonable time in which to ascertain that fact and
give the proper notice, and would be bound meanwhile to
supply the immediate needs of the pauper, and after due
notice given, could recover such prior expense.   But the
purpose of requiring notice to the county or town of the
pauper's settlement is to enable such county or town to
repossess itself of the pauper and provide for its support in
its own way within its own territory.   If, as was proposed
to be shown, the supervisor and overseer of the poor of

that town knew all the facts before the woman became a public charge in his town, it was never intended by the statute that in such a case notice could be withheld from the county or town of the pauper's settlement for months thereafter, without any excuse except inadvertence, and still the latter county be held liable.

The court therefore erred in refusing to admit the offered testimony, and in giving the instruction referred to. Both these errors were fully pointed out in the motion for a new trial. The judgment is reversed and the cause remanded.