In the Matter of the Application of PRESCOTT R. ANDREWS and Another, as Executors and Trustees of the Last Will and Testament of WALTER EDSON ANDREWS, Who Was Also Known as WALTER E. ANDREWS, W. EDSON ANDREWS and W. E. ANDREWS, for a Construction of the Last Will and Testament and Codicils of the Said WALTER EDSON ANDREWS, Also Known as WALTER E. ANDREWS, W. EDSON ANDREWS and W. E. ANDREWS, Deceased.

Surrogate's Court, Bronx County, December 10, 1928.

* Added as section 442-g by Laws of 1922, chap. 672; renumbered section 442-f by Laws of 1926, chap. 831.— [REP.

*Hallock & Hallock,* for the executors.

*Archie B. Morrison,* special guardian.

SCHULZ, S.   The testator's last will and testament consists of three instruments, that hereinafter referred to as the will, and a first and second codicil.   He left him surviving his wife, three daughters and a son.   Among the provisions of the will in favor of the daughters, there is a bequest to one of $3,000, and for each of the other two, he established trusts in the same amount.

In the second codicil the testator provided as follows: " Having increased my holdings in stocks, I hereby give and bequeath to my said daughters, Florence M., Luella B., and Adele M., a trust fund of three thousand dollars in addition to that heretofore created for Florence M. Toch and Adele M. Dreyer in paragraph #15L and #15M and new one to Luella B. Von Bargen, the sum of five thousand dollars for two years after my decease and thereafter pay the principal to each of them,"

This phraseology has resulted in confusion and doubt in the minds of the executors and trustees and they request a construction.

Four questions arise:

(1) Did the testator intend to set up for Luella B. Von Bargen only the trust fund in the sum of $5,000, or did he wish her to also have an interest in the trust fund or funds of $3,000?

(2) Did he intend to establish one trust fund in the sum of $3,000 or several, each of $3,000?

(3) Was there a violation of the statute prohibiting the unlawful suspension of the power of alienation?

(4) Did the testator intend that all of the trusts attempted to be set up should, in one contingency, end in two years, or that some should be for five years and one for two years?

In answering these questions, the whole testamentary document consisting of the three instruments stated must be considered and the intent of the testator ascertained from them. (*Matter of Evans,* 234 N. Y. 42; *Callahan* v. *Volke,* 220 App. Div. 379.)   When thus ascertained, it must be given effect if possible. (*Matter of Buechner,* 226 N. Y. 440; *Matter of Silsby,* 229 id. 396; *Schult* v. *Moll,* 132 id. 122.)

As to question 1, I hold that he intended that the $3,000 trust provision should be for the benefit of his daughters Florence and Adele, and the $5,000 trust fund only should be for the benefit of his other daughter, Luella. The language of the codicil, while not clear, lends itself to this construction and should be read as though it were " I hereby give  *  *  *  to my said daughters Florence M., Luella B. and Adele M., the following:

" (a) A trust fund of $3,000  *  *  *  in addition to that heretofore created, for Florence M. Toch and Adele M. Dreyer *  *  *  and

" (b) A new one to Luella B. Von Bargen for the sum of $5,000."

The general scheme of the will indicates an intention to treat his daughters about the same, and while the second codicil, even under my construction, gives his daughter Luella the benefit of a trust fund $2,000 greater than those given to the others, to construe it otherwise would result in a still greater inequality. That construction which tends towards equality, rather than one having a contrary effect, should be favored. (*Matter of Harden,* 177 App. Div. 831, 835; affd., 221 N. Y. 643; *Button* v. *Button,* 57 App. Div. 297; *Stokes* v. *Weston,* 142 N. Y. 433; *Stewart* v. *Chambers,* 2 Sandf. Ch. 382.)

As to the second question, I reach the conclusion that he intended to establish a trust fund of $3,000 for each of the two daughters Florence and Adele, and not one trust fund of $3,000 for both.

In the will the testator had established a trust fund of $3,000 for each of these two daughters, but in the codicil he refers to these two trust funds as " *that* heretofore created for Florence M. Toch and Adele M. Dreyer. [Italics mine.]  *  *  * " He speaks of the two funds as though they were one; similarly when he said " I give and bequeath to my said daughters a trust fund of $3,000," he meant trust funds in that amount to each of his said daughters. When he disposes of the corpus, his language is " thereafter pay the principal to each of them." Again he uses the singular " principal " when it is evident that under every possible construction there must be at least two principals to be disposed of. If he had intended but one fund of $3,000, he would have directed in what shares this principal sum should be divided between his two daughters. Again, if each only received the benefit of an additional $1,500 trust fund, his daughter Luella would get $3,500 more than each of the other two, which as hereinbefore stated is a construction that should not be favored.

As to the third question, I conclude that the two trust funds for the benefit of his daughters Florence and Adele are to be added

to those set up in paragraphs 15L and 15M. This is indicated by the language itself and by the fact that he refers to the fund for Luella B. Von Bargen as a "new one," showing that the other two funds were to be considered as a part of those established in the will and not as "new ones." If this is correct, then they are subject to the provisions there set forth, except as otherwise provided in the codicil.

The trusts set up in the paragraphs of the will mentioned were to continue for five years or as long as the beneficiary lived if the latter period was less than five years. Therefore, each trust can under no circumstances continue for a period longer than the life of the beneficiary. The fact that they were also limited on a term of years within that life did not result in a violation of the statute. (Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Montignani* v. *Blade*, 145 N. Y. 111, 120, 124; *Van Cott* v. *Prentice*, 104 id. 45, 57.) The same is, therefore, true with respect to the trust funds set up for these daughters in the codicil.

In the case of the trust fund for the benefit of Luella B. Von Bargen, I am satisfied that he intended the same limitation as in the case of the other daughters, that is, for her life or for a period of two years whichever ended first. Unless we so conclude, the trust would be quite indefinite, there would be no disposition of the remainder in the case of the death of the *cestuis que trust* before the expiration of the two-year period, nor any disposition of the income. The testator undoubtedly had in his mind the trust created for the benefit of his other daughters. He specifically referred to them and then added that he gave " a new one to Luella B. Von Bargen." It seems to me safe to assume that when he used that language he meant of the same tenor, but for the benefit of his daughter Luella and for her life or for a period of two years whichever proved to be the shorter period. The matter is not free from doubt, but this construction seems to me to be possible under the language used and should be favored because it tends to uphold the provisions of the will and codicils rather than to defeat them. (*Matter of Hitchcock*, 222 N. Y. 57; *Seitz* v. *Faversham*, 205 id. 197, 202.)

As to question No. 4, with reference to the trusts added to those set forth in paragraphs 15L and 15M of the will, and to the new trust, I conclude that they ended in two years, unless sooner terminated by the death of the respective beneficiaries. The language that two years after the death of the decedent, the principal is to be paid " *to each of them* " to me seems conclusive.

Costs will be granted to the petitioner, and an allowance made to the special guardian, both payable out of the estate.