In the Matter of the Petition of THOMAS F. DOHERTY to Obtain a Determination as to the Validity, Construction or Effect of a Disposition of Property Contained in the Last Will and Testament and Codicils Thereto of CATHERINE DOHERTY, Deceased.

THOMAS F. DOHERTY, Individually and as Executor, etc., of CATHERINE DOHERTY, Deceased, Appellant, Respondent; ALVIN E. MAMBERT, as Special Guardian, etc., Respondent, Appellant.

Third Department, November 20, 1929.

*Thomas F. Doherty*, for executor and life tenant.

*Alvin E. Mambert*, special guardian for infants.

HINMAN, J.   The testatrix died seized of two parcels of real estate in the city of Troy, N. Y.   By the terms of her will and codicils thereto she devised a life estate in one parcel to her son Thomas F. Doherty and a life estate in the other parcel to another son, James H. Doherty.   In her last codicil she disposed of the remainder interests in both parcels in accordance with subdivision 5th of her will, which provided as follows: *"Fifth.* From and after the death of my two sons Thomas F. Doherty and James H. Doherty, I give, devise and bequeath all my property, real and personal, to my grandchildren, their heirs and assigns forever; but if any of my grandchildren shall die leaving issue him, her or them surviving, then I direct that such issue shall take the share to which their parent would have been entitled."

The testatrix died October 17, 1909.   She left surviving her both sons and three grandchildren, all the children of Thomas F. Doherty.   Her son James H. Doherty died September 5, 1915, leaving no children.   At the time of his death, however, another child had been born to his brother, Thomas F. Doherty, so that at the time of the death of James H. Doherty there were four grand-

children of testatrix living. Afterwards and on September 10, 1914, a fifth child, Thomas F. Doherty, Jr., was born to Thomas F. Doherty. That child died in 1918. A sixth child was born to Thomas F. Doherty April 26, 1918, and at the time of this proceeding to construe the will and codicils five grandchildren of the testatrix were living, all adults except the two born subsequent to her death who are infants for whom a special guardian has been appointed in the proceeding.

The surrogate has found and decreed that it was the intention of the testatrix that only the grandchildren living at the time of her decease should take title to the remainder after each life estate created by the will and codicils; that neither child of Thomas F. Doherty born after the death of the testatrix has any title or interest in either of the parcels of land; that the title to one parcel is vested in the three adult grandchildren subject to the life estate of Thomas F. Doherty and that the title to the parcel formerly subject to the life estate of James H. Doherty, deceased, is vested absolutely in the three adult grandchildren.

The language of the will and codicils is clear and unambiguous. The devise of the remainders is " to my grandchildren, their heirs and assigns forever." They were not named, but were only designated as " grandchildren " and that has been considered as sufficient to show a taking as a class if no other portion of the will prevents such an interpretation. (*Matter of Seebeck*, 63 Hun, 179, 181.) A gift to a class is defined as an aggregate gift " to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number." (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 97.) Those of the class existing at the death of the testatrix take a vested interest subject to open and let in persons of the class born subsequently and prior to the time appointed for distribution. (*Rasquin* v. *Hamersley*, 152 App. Div. 522, 528; affd., 208 N. Y. 630; *Moore* v. *Littel*, 41 id. 66; *Monarque* v. *Monarque*, 80 id. 320; *Losey* v. *Stanley*, 147 id. 560, 567; *Kent* v. *Church of St. Michael*, 136 id. 10; *Matter of Pulis*, 220 id. 196.)

This rule must yield to indications of a contrary intent in the will but we find nothing in the present will and codicils to prevent its application. The devise is to a class and such gift is to be distributed as of the time appointed for distribution. It remains to determine what is the time of distribution under the will. The will provides: "*From and after the death of my two sons* Thomas F. Doherty and James H. Doherty, I give, devise and bequeath all my property, real and personal, to my grandchildren, their heirs

and assigns forever * * *." This seems plainly to fix the time of distribution at the death of both sons. This construction is reinforced by the language of the 6th clause of the will, which remained unchanged by the codicils, namely: "In case of the death of one of my sons I direct that such income or portion of such deceased son shall be paid to his children during the lifetime of the surviving son." It is true that at the time of the death of James H. Doherty he left no children surviving him and, therefore, there were no children to take his income during the lifetime of Thomas F. Doherty; but this in nowise affects the expressed intention of the testatrix. She indicated clearly the time of distribution. James H. Doherty having left no children, the income from his portion is undisposed of under the will and goes to the next eventual estate, namely, the grandchildren living, subject to open and let in after-born children. (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364; *United States Trust Co.* v. *Soher*, 178 N. Y. 442.) The surrogate did not pass upon this question as to the disposition of this income. Probably the reason is that the declared purpose of the contest is to determine by whom the real property may be conveyed.

Such being the purpose, it is important to determine what, if any, interest the deceased grandchild, Thomas F. Doherty, Jr., had. He was born and died during the period between the death of James H. Doherty and the beginning of this proceeding to construe the will and codicils. The gift of the remainder was "to my grandchildren, *their heirs and assigns forever;*" but if any grandchild should die leaving issue, its share should go to such issue. Thomas F. Doherty, Jr., died leaving no issue. So his share passed to his heir at law, namely, his father, Thomas F. Doherty, Sr. The use of the words "their heirs and assigns forever" evidenced an intention on the part of the testatrix to create a vested remainder which would vest in each grandchild as soon as born, subject only to open to let in after-born children, and descendible to the heirs of any of said children who might die before the time of distribution of the remainder. It is sufficient to show that the will is reasonably capable of this construction, under the rule that in construing wills "the law favors a construction which will not tend to the disinheriting of heirs, unless the intention to do so is clearly expressed." (*Scott* v. *Guernsey*, 48 N. Y. 106, 121; *Matter of Brown*, 93 id. 295, 299, 300.)

We hold, therefore, that the remainder in fee of the two parcels of real estate, owned and devised by the testatrix, vested in the grandchildren living at the time of her death, subject, however, to be partially divested by the birth of additional members of the

same class, grandchildren of the testatrix, before the death of the two life tenants. We also hold that the share of Thomas F. Doherty, Jr., deceased grandchild, passed to his heir at law, *i. e.,* Thomas F. Doherty, Sr., his father. There are five surviving grandchildren. It follows that these six are the parties who may convey the real estate. The present owners represent for that purpose any remainderman who may later come in. (*Downey* v. *Seib,* 185 N. Y. 427, 432.)

The decree of the Surrogate's Court should be modified in accordance with this opinion, and as so modified affirmed, with costs to both parties filing briefs, payable out of the estate.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Decree modified in accordance with opinion, and as so modified affirmed, with costs to both parties filing briefs, payable out of the estate.