In the Matter of the Estate of WILLIAM BACKER, Deceased.

Surrogate's Court, New York County, June 15, 1933.

*Arnstein & Levy,* for the petitioner.

*Matthew P. Doyle,* special guardian.

DELEHANTY, S. This is an application for construction of a will and for determination of the effect upon the provisions thereof of

section 26 of Decedent Estate Law. The will was executed December 18, 1924. Except for an article of personalty specifically bequeathed, it gives all his estate to his wife. Testator died November 18, 1932, leaving two children born after the date of the will. On March 24, 1928, the deceased took out two life insurance policies on his life in Connecticut Mutual Life Insurance Company. On the same day he executed a trust agreement, now effective, whereby the proceeds were to be paid by the insurance company upon death of the insured to itself as trustee. The insurance company contracted to pay the earnings upon the principal thus established to the wife of deceased if then living. If she were then dead (and in any event upon her death), the income became payable to all children of deceased (including the after-born children) who might be living at the death of the wife. The agreement further provides that each son who attains twenty-five years of age while enjoying income, or who had reached twenty-five years of age at the death of his mother, is to be paid his proportionate share of the principal. It further provides that if any child should die while the trust in his favor is operative, the share upon which such child was receiving income is divided and paid over in equal shares to the children of such deceased child surviving at the date of such distribution of the principal, otherwise to such deceased child's estate.

The special guardian takes the position, *first*, that the insurance provision thus recited, even if valid is not a " settlement " within the meaning of section 26 of Decedent Estate Law, and *second*, that the insurance trust provisions are invalid because unduly suspending the absolute ownership of personal property.

The first objection raised by the special guardian requires consideration of the meaning of the words used in section 26 of Decedent Estate Law. That statute says that a child born after the making of a will and either in the lifetime or after the death of the testator shall succeed to an interest in testator's estate as if the testator had died intestate, if testator " shall die leaving such child so afterborn, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will."

It is apparent from the text of the statute that the " settlement " referred to is sufficient if made by some provision for the child *dehors* the will. The language of the section clearly means that if provision for the after-born child is made by a " settlement " the right of intestate succession never accrues. It follows, necessarily, that the making of such provision by way of " settlement " permits and requires proof before the court of acts of a testator claimed to have effected such " settlement " and permits determination by the court whether the acts so proven constitute a provision by way of

" settlement." The objection to such proof made by the special guardian because, as he says, the will is unambiguous ignores the fact that the statute expressly discriminates provision by will from provision by " settlement." In the instant case there was created by testator an insurance trust fund of $50,000 in which these after-born children have an immediate and vested interest. Their mother takes only the right to receive the earnings upon this fund during her life. She cannot dispose of the principal. It must in any event go to the children of testator. There can be no doubt that such provision if contained in the will would bar any right of intestate succession. Should any different result be reached because this provision for the family of deceased derives from this insurance trust? The Century Dictionary and Cyclopedia defines " settlement " as follows: " The conveyance of property or the creation of estates therein to make future provision for one or more beneficiaries, usually of the family of the creator of the settlement, in such manner as to secure to them different interests, or to secure their expectancies in a different manner, from what would be done by a mere conveyance or by the statutes of descent and distribution.

" A bestowing or granting under legal sanction; the act of conferring anything in a formal and permanent manner."

It is to be assumed, of course, that the word used in the statute has its ordinary meaning. That the quoted definition of the word is apt to describe the very arrangement here set up by testator needs no argument. The after-born children have been provided for by a " settlement " within the meaning of section 26 of Decedent Estate Law and if the provisions of that insurance trust are valid the will stands and no participation in decedent's estate passes under the statute to the after-born children. The same conclusion has been reached in other Surrogates' Courts. (*Matter of Brant*, 121 Misc. 102; *Matter of Froeb*, 143 id. 660.)

There is no substance to the objections to the validity of the trust agreement. The mere holding of the trust fund capital *in solido* does not alter the primary intention of the settlor of the trust to create a separate trust for each of his children. In each instance the trust created is measured by the life of the widow and of a single child. There is no unlawful suspension. (*Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Horner*, 237 id. 489.)

The youngest child, Ferdinand, was born June 8, 1928, less than two months after the creation of the insurance trust. While this child was *en ventre sa mere* at the date the trust instrument was signed, he was in being within the meaning of section 11 of the Personal Property Law. (*Matter of McEwan*, 202 App. Div. 50; affd., 234 N. Y. 557.)

Submit decree, on notice, in conformity with the foregoing.