In the Matter of the Application of DAVID W. CHALMERS and Another, as Sole Surviving Executors and Trustees, etc., of HARVEY CHALMERS, Deceased, for a Determination as to the Construction and Effect of Certain Provisions Contained in the Last Will and Testament of HARVEY CHALMERS, Deceased.

ARTHUR A. CHALMERS, Appellant; DAVID W. CHALMERS and Another, Executors, etc., of HARVEY CHALMERS, Deceased, and Others, Respondents.

Third Department, June 30, 1933.

*Charles S. Nisbet* [*Alfred D. Dennison* of counsel], for the appellant.

*J. W. Ferguson,* for the respondents David W. Chalmers and another, executors of Harvey Chalmers, deceased.

*Lawrence B. McKelvey,* for the respondents David W. Chalmers and others, executors of Annie Carr Chalmers, deceased.

*Daisy Snook Borst,* special guardian for Jessica Jean Dutcher.

HEFFERNAN, J. Harvey Chalmers died September 1, 1927, leaving a will dated November 18, 1924. He was survived by his

widow, Annie Carr Chalmers, and by five children, among whom was Grace Chalmers Burnap. He left an estate of over $2,000,000, consisting almost entirely of personal property. He gave to his widow $100,000 and his house. To each of his five children there was an absolute gift of $30,000. The will created five separate trusts for $50,000 each, the income of all to be paid to his widow for life. Upon her death the income of each fund was to be paid to one of his five children during life, the remainder "to descend to the children and descendants and next of kin" of such child absolutely. He created a further trust of the residue of the estate for the benefit of his widow during her life. Upon her death he directed his trustees to divide the residuary estate into five parts and to hold each part separately as a life trust for the benefit of his five children respectively. Each fifth portion of the trust fund was then bequeathed and devised to the "heirs at law" of the child for whose benefit it had been held. Each of his children, except his daughter Grace, had a child or children.

Reading the will as a whole, the conclusion is irresistible that the dominant intention of the testator was to preserve the estate, which his industry had accumulated, for his grandchildren.

The problem for solution here is the determination of the date at which the remaindermen under the trusts for Grace are to be ascertained. The pertinent portions of the will are:

"*Fourth.* * * * I give and bequeath to my trustees, in trust, however, the sum of Fifty Thousand Dollars ($50,000) and authorize them to receive, take, hold, invest and reinvest said sum and to collect the net income therefrom and to apply the net income therefrom to the support and maintenance of my wife, Annie Chalmers, for and during the term of her natural life and from and after her decease to apply the net income therefrom to the support and maintenance of my daughter Grace Chalmers Burnap, for and during the term of her natural life and upon her decease said trust fund to descend to the children and descendants and next of kin of said Grace Chalmers Burnap absolutely."

"*Eleventh.* All the rest, residue and remainder of my estate and property of every name, kind and nature, real and personal, and wheresoever situate, I give, devise and bequeath to my trustees in trust, however, to take, receive, invest and reinvest said residuary estate and to collect the rents, issues, profits, interest and income therefrom and to pay such rents, issues, profits, interest and income to my wife, Annie Chalmers, for and during the term of her natural life; and from and after the decease of my said wife, I order and direct that my said residuary estate be divided into five equal parts and * * * I give, devise and bequeath one of said parts

to my said trustees to receive, take, hold, invest and reinvest such part and to collect the rents, issues, profits and income therefrom and to pay the same to my daughter, Grace Chalmers Burnap, for and during the term of her natural life, and from and after the decease of my said daughter, I give, devise and bequeath said part to her heirs at law absolutely."

Grace was born in 1890. She married in 1910. She never had a child. At the time of the execution of her father's will she had secured an interlocutory decree of divorce from her husband, which was subsequently made final. She died on July 10, 1930. Her mother died January 10, 1932.

We have thus presented to us once again the age-old question as to when a remainder is vested and when contingent. The surrogate determined that the remainder in each of the two trust funds created for the benefit of Grace vested on the death of the testator in Grace's mother. A son of testator, dissatisfied with his mother's will, is appealing from that decree and contends that the remainder vested and the remaindermen should be determined as of the date when the trust terminated and the corpus was distributed, viz., at the death of the widow.

The general policy of the law favors a construction which includes the vesting of estates, a vesting at the earliest possible moment, never presuming, in the absence of clear and unequivocal language, the intent that a bequest or devise shall be deemed contingent or uncertain, either as to beneficiary or otherwise. (*Hersee* v. *Simpson*, 154 N. Y. 496; *Connelly* v. *O'Brien*, 166 id. 406; *Cammann* v. *Bailey*, 210 id. 19; *Matter of Russell*, 168 id. 169; *Matter of White*, 213 App. Div. 82.)

It has long been recognized as a fixed rule of construction, never varied except when the contrary intent has been clearly expressed, that when a gift or devise in remainder is to a class, those answering the description or belonging to that class at the time the will takes effect are presumed to have been intended as the beneficiaries of the provision. In *Matter of White* (*supra*) the court said: " There must be a clear intention manifested by the will to make a different disposition of the property where the bequest is to heirs at law and next of kin to take it out of the rule that heirs at law and next of kin so described will be determined as referring to those who are such at the time of testator's death."

This construction is not changed by the fact that members of the class designated as remaindermen may change by the death of some and the addition of others before the life estate intervening may have actually terminated. The legal title to the remainder vests, in such case, subject to being divested or modified by such

subsequent event. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.) Nor does the fact that the life tenant and the ultimate remainderman may be or necessarily is the same person, or that the remainder can never by any possibility come into actual possession of the remainderman, alter the result. (*United States Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., 232 N. Y. 609.) Then, too, we have the statute (Real Prop. Law, § 40, made applicable to personal property by section 11 of the Personal Property Law), which declares that "A futuree state * * * is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

Applying these principles of construction and the statute to the will before us, it becomes necessary to determine if there was, at the instant of testator's death, a person or persons in being who answered to the description of that class of remaindermen specified in the fourth paragraph of the will as " children and descendants and next of kin " of Grace and who then constituted the class of remaindermen described in the eleventh paragraph as Grace's " heirs at law."

In earlier days the two terms, " next of kin " and " heirs at law " sometimes meant the same thing and in other instances did not. Section 2768 of the old Code defined " next of kin " as he who shared in personalty, while in the most strictly literal sense an " heir at law " was he who took the inheritance upon the death of an ancestor, and " inheritance " meant the freehold or realty. Thus, to demonstrate who was the " next of kin " in a given case required reference to a Code section to find out who it was to whom personal property would pass in case of intestacy; while for the proper significance of " heirs at law " we looked to the statutes governing the descent of realty. But the court always held that the two terms, when used in any such document as this, were intended to mean the persons to whom the property would have passed in case of intestacy; and wherever, as here, the estate was personal, the term " heirs at law " was always construed as meaning " next of kin." (*Matter of Knapp*, 206 App. Div. 260.)

Under the present statute (Dec. Est. Law, § 83) there is no longer a definition of either term. Real and personal property descend to the same persons and in the same manner; and such persons entitled to take in case of intestacy are designated as " distributees." (Subd. 14.)

It may be assumed that the remainder in this case constituted an estate in personalty. It is immaterial, however, what portion of the estate was, in the first instance, realty or personalty. In creating the trusts testator authorized the trustees to use such securities as he owned at his decease but future investments were limited to those legal for savings banks. His trustees were not empowered to hold any realty in these trusts. There was an absolute conversion into personalty. (*Hope* v. *Brewer*, 136 N. Y. 126.) Thus its descent in case of intestacy was governed, in 1924 when the will was executed, in 1927 when it took effect, and in 1930 when Grace died, by subdivision 6 of section 98 of the Decedent Estate Law (as amd. by Laws of 1921, chap. 126), which read: " If the deceased leave a mother and no father, child or descendant, the mother shall take one-half if there be a widow, and the whole if there be no widow." The law is the same today if there be no widow. (Dec. Est. Law, § 83, subd. 3.)

Grace left no father, child or descendant and consequently her mother, who was the only person at the time of testator's death answering the description of " next of kin " and " heirs at law " of Grace, was, upon the daughter's death, entitled to the remainder. She was " a person in being, who would have an immediate right to the possession of the property, on the termination of all the intermediate or precedent estates." The same construction governs each of the disputed clauses, although they differ slightly in the language used.

Appellant contends that the cause is controlled by section 84 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 393), the substance of which is that if intestate die without lawful descendants and the inheritance came to him on the part of one of his parents the whole of it shall pass to the parent from whom it was derived; and if such parent be dead, the inheritance shall go to the surviving parent for life, and the reversion to the brothers and sisters of intestate and their descendants. The answer to that argument is that this inheritance — this remainder — never came to Grace at all. Nothing came to her except the income in the event that she outlived the mother. This controversy is not within the purview of that section but is governed by section 85 (as amd. by Laws of 1923, chap. 393), which reads: " If the intestate die without descendants and the inheritance is not controlled by the last section, it shall descend to the father and mother, *or the survivor of them in fee.*"

We have not overlooked the possibility of children being subsequently born to Grace, or of her having " descendants," or of her next of kin or heirs at law changing in personnel during the

time which might elapse between the death of her father and the expiration of the intervening life estates. That does not in the least affect the status of the mother as having taken at the instant of the testator's death a vested interest in the remainders. The fact that the class of persons described as remaindermen may be subject to open up and let in others is of no consequence. This court said in *Matter of Doherty* (227 App. Div. 267): " Those of the class existing at the death of the testatrix take a vested interest subject to open and let in persons of the class born subsequently and prior to the time appointed for distribution." The fact that Mrs. Chalmers could never come into the actual physical possession of these remainders does not affect their legal status as estates vested in her at the date of her husband's death. ( *United States Trust Co.* v. *Taylor, supra;* 40 Cyc. 1668.) In his opinion the surrogate concluded that in view of the fact that Grace predeceased her mother " the life estate and the ultimate remainder merged." We think otherwise. By such acquisition she would acquire a future estate dependent upon the precedent estate of the trustee, but which she could not enjoy in possession. She might devise it, but could not possess an estate conditioned upon her own death. The trust estate is not destroyed because she is thus vested with a remainder. There is no merger of estates. The entire trust estate is vested in the trustee for trust purposes. The necessity for the maintenance of the trust would remain in full force notwithstanding the widow's succession to the rights of her daughter. (*Oliver* v. *Wells*, 134 Misc. 893; affd., 229 App. Div. 356; affd., 254 N. Y. 451.)

Counsel for appellant have called our attention to several cases which are claimed to be in conflict with this conclusion. An examination of them, however, discloses that the facts and provisions of the wills in those cases are so variant as to render them of no value as authorities upon the question before us. In practically every case cited by appellant the language of the will necessarily annexed futurity to the substance of the gift. In the instant case we have the indicia clearly importing a present gift.

The decree should be affirmed, with costs payable out of the estate to all parties, including the special guardian, who have filed briefs.

HILL, P. J., and BLISS, J., concur; RHODES and CRAPSER, JJ., concur in the result.

Decree affirmed, with costs payable out of the estate to all parties, including the special guardian, who have filed briefs.