[Civil No. 4362. Filed May 16, 1941.]

[113 Pac. (2d) 359.]

VALLEY NATIONAL BANK, a National Banking Association, as Trustee of the Estate of George W. P. Hunt, Deceased; and CARLTON HUNT BRANNAN, a Minor, by Wm. G. Christy, His Guardian Ad Litem, Appellants, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation; and HELEN DUETT BRANNAN, a Minor, by Loretta C. Savage, Her Guardian Ad Litem, Appellees.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellant Valley National Bank.

Carlton Hunt Brannan, a minor, by Mr. Wm. G. Christy, his guardian *ad litem, in propria persona.*

Messrs. Conner & Jones, for Appellee Hartford Accident and Indemnity Company.

Helen Duett Brannan, a minor, by Miss Loretta C. Savage, her guardian *ad litem, in propria persona.*

ROSS, J.—A question having arisen as to who the beneficiaries are under the will of the late Governor George W. P. Hunt, the Valley National Bank, trustee of the trust set up in the decedent's will, brought this action in the Superior Court of Maricopa County, under the declaratory judgments act, sections 27–701 to

27–706, Arizona Code, 1939, to have a declaration of its rights and the rights of the defendants in and to said trust ascertained and determined by a judgment of the court.

Another question we are asked to decide is this: In his will the decedent directed the trustee to give bond, *after* his estate was distributed by the executor to the trustee, "in an amount equal to 110% of my trust estate, excluding therefrom the value of my house on East McDowell Street." The question is, has the probate court power, the necessity for so large a bond not appearing, to reduce it to a sum less than stipulated in the will?

These questions will be considered in the order stated.

Governor Hunt's will is dated July 7, 1931. He died December 24, 1934. In his will he named as his executor and as the trustee of his estate the same banking corporation (the Valley Bank and Trust Company, which later became the Valley National Bank) and directed that after his funeral expenses and debts were paid the balance of the estate should be turned over to the trustee for the purposes therein named. The order of distribution to the trustee was made on June 2, 1936. The trust estate thus created consisted of liquid assets in excess of $150,000 and the home on East McDowell Street valued at $15,000. We here quote the portions of the will providing for the trust estate and designating the beneficiaries thereof:

"First: After the payment of my just debts and funeral expenses, which I direct to be paid out of my personal estate in the first instance, if the same is sufficient, and if the same is insufficient then out of my real property. I give, devise and bequeath all of my property and estate, real, personal and mixed whatsoever and wheresoever, which is hereinafter called the 'trust estate' unto my trustee hereinafter named and

designated, to have and to hold the same upon and for the following trusts and purposes, namely:

"One-half of my said trust estate shall be held in trust for the benefit of my daughter, Virginia Hunt Brannan, to be so held by my said trustee until January 1st, 1945, and at said date to be paid to and distributed to said Virginia Hunt Brannan free of any and all trust; and said trust upon said one-half of my trust estate shall terminate and cease; provided, however, that during the continuation of said trust my said trustee shall pay to my said daughter all of the income and profits of said one-half of my trust estate;

"The other half of my said trust estate shall be held in trust for the benefit of any child or children of my said daughter, Virginia Hunt Brannan, then in being, share and share alike, the income from such half of my trust estate shall accumulate and be added to such half of my trust estate until any such child or children, the lawful issue of my said daughter, Virginia Hunt Brannan, then in being, reaches the age of twenty-one years, at which time the income and net profits of said one-half of my trust estate thereafter accruing shall be paid to said child or children, the lawful issue of said Virginia Hunt Brannan, then in being, until said child or children, or either of them, attain the age of thirty years, at which time said one-half of said trust estate shall be distributed to said child or children, and, if more than one, shall be distributed share and share alike, and this trust shall cease and terminate. Each child upon attaining the age of thirty years shall receive his or her proportion of said one-half of said trust estate free and clear of this trust. It is my intent that if more than one child of said Virginia Hunt Brannan is in being at the time this trust takes effect the income of this one-half of my trust estate shall be held for the benefit of all of said children, share and share alike, and upon each child attaining the age of twenty-one years he or she shall receive his or her proportion of the income as hereinbefore provided. Should there be more than one child the issue of said Virginia Hunt Brannan and any child should die before reaching the age of thirty years, such child's share of the trust estate and any accumulations thereto and income thereof shall go to the remaining

child or children and should all children die before this trust is distributed the balance of said trust estate shall go to my said daughter Virginia Hunt Brannan.

"Second: It is my will and wish that my home on East McDowell Street be kept intact as long as practicable and that my daughter Virginia have the right to use same during her lifetime as a home for herself and any child or children that she may have."

"Fifth: I hereby nominate and appoint The Valley Bank and Trust Company, of Phoenix, the Executor of this my Last Will and Testament, provided, however, that the said The Valley Bank and Trust Company, of Phoenix, Arizona, being named both my executor and trustee hereunder, shall not be entitled to any compensation as trustee until after my estate has been distributed to said The Valley Bank and Trust Company, of Phoenix, Arizona, as Trustee."

The defendants Carlton Hunt Brannan and Helen Duett Brannan are the children of Virginia Hunt Brannan and the grandchildren of Governor Hunt. Carlton was born April 12, 1931, some three months before his grandfather's will was executed. Helen Duett Brannan was born August 19, 1936, two months and 17 days after the trust estate was ascertained, determined and distributed to the trustee (on June 2, 1936).

Upon these admitted facts the court below held that the beneficiaries of the trust estate were Virginia Hunt Brannan, Carlton and Helen, the latter two share and share alike. It was also held that the surety bond should be kept in the sum directed by the testator in his will. The trustee has appealed, contending that both questions were incorrectly decided.

We think there is no question but that the testator intended that the trust estate should go one-half to his married daughter Virginia and the other half to

her child or children. The question is, did he express in his will that intention clearly enough that we can give it effect? We think he did. The phrase in the will "The other half of my said trust estate shall be held in trust for the benefit of any child or children of my said daughter, Virginia Hunt Brannan, *then in being,* share and share alike," is the key to the donor's intention as to the beneficiaries of the trust. It points to a time later than the date of the will or the testator's death; to a future event, such as the order approving the executor's final account and the decree distributing the trust estate to the trustee and the execution of the surety bond as provided in the will; to the time when the *corpus* of the trust was finally ascertained and determined by the probate court in accordance with the law, and the surety bond given, and the trust property turned over to the trustee. Or the event the testator intended should determine who the beneficiaries of the trust to be could be the date that Virginia Hunt Brannan should receive from the trustee her one-half of the estate, to wit, January 1, 1945.

■■ It can make no difference, so far as the present controversy is concerned, for whichever event is adopted, Helen Duett is as certainly a beneficiary as her brother Carlton. Although she was not born until two months and 17 days after the decree distributing the trust property to the trustee, she was, under the law, *in esse.* 28 Ruling Case Law 251, section 221, states the rule in that respect as follows:

"The word 'children' may apply to those born after the making of the will, including posthumous children. A bequest to a child or grandchild may include a posthumous child or grandchild, *en ventre sa mere* at the time of the testator's death, even though the devise or bequest is qualified or restricted by such terms as 'living' or 'born.' Such an infant is potentially in existence, and is included within the motive of the

gift. The general principle of law is that, subject to the qualification that it must be born alive, a child *en ventre sa mere* is, in law, considered *in esse* from the date of its conception, for all purposes beneficial to it. . . . ''

See, also, The Rule Against Perpetuities by Gray (3d Ed.), page 196, section 220 et seq.; *In re Backer's Estate*, 148 Misc. 318, 266 N. Y. Supp. 47; *In re Brown's Will*, 133 Misc. 457, 233 N. Y. Supp. 145; *Hayes* v. *Martz*, 173 Ind. 279, 89 N. E. 303, 90 N. E. 309; *Phillips* v. *Herron*, 55 Ohio St. 478, 45 N. E. 720; *In re Carmody's Will* (Sur. Ct.), 300 N. Y. Supp. 1299; *In re Doherty's Will*, 227 App. Div. 265, 237 N. Y. Supp. 558; *In re Wells' Will*, 129 Misc. 447, 221 N. Y. Supp. 714.

■ Other provisions in the will point unerringly, we think, to an intention on the part of the testator to include among his beneficiaries all his grandchildren born to his daughter Virginia. His expressed wish, that the home on East McDowell Street should be kept intact as long as practicable and that his daughter Virginia should have the right to use the same during her lifetime as a home for herself and "any child or children she may have," indicates, unmistakably, such an intention. It is the duty of the court to give effect to the intention of the testator. *Hill* v. *Hill*, 37 Ariz. 406, 294 Pac. 831; *Lowell* v. *Lowell*, 29 Ariz. 138, 240 Pac. 280; *Franklin* v. *Jacobs*, 28 Ariz. 187, 236 Pac. 694; *Estate of Tyrrell*, 17 Ariz. 418, 153 Pac. 767; *La Tourette* v. *La Tourette*, 15 Ariz. 200, 137 Pac. 426, Ann. Cas. 1915B, 70.

■ The other question, as to the power of the probate court to reduce the amount of the surety bond the will directed to be given by the trustee, is one involving jurisdiction and not one the courts are authorized to decide by declaratory judgment. From the facts, it appears the trustee, Valley National Bank, peti-

tioned the probate court in the probate proceedings (In the Matter of the Estate of George W. P. Hunt, Deceased, No. 10502) to reduce the amount of the bond from $168,000 to $1,000, and that the court entered an *ex parte* order to that effect.

In this action to secure a construction of the will the court is asked to determine if the probate court had jurisdiction to make such order. If the parties, or any of them, in the probate proceedings were dissatisfied with such order, they should have taken steps by appeal or other proceeding to have the order reviewed. The superior court cannot pass on the question in an action for declaratory judgment, for two reasons: (1) Because it would have no jurisdiction to review the probate order and (2) because the question is not one of those for a declaratory judgment.

The court was without jurisdiction to pass upon the question of the power of the probate court to reduce the bond and that part of its judgment is reversed, otherwise the judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.