This appeal involves only the question whether a legacy of personal property to two remaindermen upon the death of a life beneficiary vested in the remaindermen as tenants in common or as joint tenants. Testator provided that the income from the trust fund be paid to his brother, William L. Walker, for life. Upon the death of William L. Walker testator bequeathed the corpus of the trust fund by paragraph “ Ninth ” of his will, which reads: “ Ninth: Upon the death of my said brother, William L. Walker, I give and bequeath all my said estate that may remain including said trust estate, to said Walter Werthamer and Gertie Werthamer his wife, and to the survivor of them. I make the above provision for said Walter Werthamer and Gertie Werthamer his wife because of their friendship to my wife and myself and the assistance they rendered to my wife and myself and the kindness shown to my wife during her illness.” Both Walter Werthamer and Gertie Werthamer survived the testator. Walter Werthamer predeceased the life beneficiary, William L. Walker. Gertie Werthamer is still living. In the construction proceedings before the Surrogate the only question raised was whether the legacy to Walter Werthamer and Gertie Werthamer vested on the death of the testator or upon the death of the life beneficiary. The Surrogate correctly held that the legacy vested upon the death of the testator. (Real Property Law, § 40, as made applicable by Personal Property Law, § 11; Matter of Chalmers, 238 App. Div. 672, affd. 264 N. T. 239.) The Surrogate went farther, however, and determined that the language of the will demonstrated an intention of the testator that the bequest vest in the two legatees as joint tenants, and that the whole legacy be paid to Gertie Werthamer as survivor. No such intention is expressly stated or clearly apparent. It is much more logical to construe the words, “ and to the survivor of them ”, as referring to the survivorship of the testator, for the purpose of preventing a lapse of the legacy if one of the legatees predeceased the testator. There is no language in the will which is so clear and explicit as to overcome the strong statutory presumption of tenancy in common. (Real Property Law,. § 66 — frequently held applicable to personal property; Overheiser *812 v. Lackey, 207 N. Y. 229.) As a rule of construction similar words or survivor-ship have frequently and for many years been held to refer to the life of the testator. (Matter of Bolton, 257 App. Div. 760, affd. 282 N. Y. 728, and cases therein cited; Healy v. Empire Trust Co., 276 App. Div. 305.) Decree of the Surrogate modified on the law to provide that the legacy in question vested in Walter Werthamer and Gertie Werthamer as tenants in common upon the death of the testator, and that one-half thereof should be paid to Gertie Werthamer (now Woods) and one-half thereof should be paid to the estate of Walter Werthamer, deceased, and, as so modified, affirmed, with costs to both parties filing briefs, payable from the estate. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur. 1195 Misc. 793.1